much of the property described in the complaint as lies outshore of the line of mean high water. The lands sought to be partitioned were situated on the easterly side of Cornell's Neck, near Clason Point on the northerly side of the East river between the Bronx river and Westchester creek in the borough of The Bronx and consisted of upland and lands under water. The city claimed title to the lands under water under the colonial patents to the town of Westchester.

*Francis K. Pendleton, Francis J. Byrne, Rufus B. Cowing, Jr.,* and *Clara A. Salem* for appellants.

*John P. O'Brien, Corporation Counsel (Charles J. Nehrbas* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE SHERWOOD COMPANY, Appellant, *v.* OTTO VOLKEN-
ING, Respondent.

*Landlord and tenant — damage to property of tenant from water flowing from faucet left turned on in unoccupied premises overhead — when landlord not liable.*

*Sherwood Co.* v. *Volkening,* 196 App. Div. 962, affirmed.

(Argued October 26, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 30, 1921, unanimously affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint. The action was tenant against landlord, to recover for damage to plaintiff's goods arising from water flowing from a faucet left turned on in unoccupied premises above those leased by plaintiff, it being contended that said unoccupied premises were in sole charge of defendant and that, therefore, he was responsible for the damage. There was no proof as to who left the faucet turned on. The lease contained the following

provision: " *Twelfth.* It is expressly agreed and understood by and between the parties to this agreement, that the landlord shall not be liable for any damage or injury by water, which may be sustained by the said tenant or other person, or for any other damage or injury resulting from the carelessness, negligence or improper conduct on the part of any other tenant or agents, or employees, or by reason of the breakage, leakage, or obstruction of the Croton Water or soil pipes, or other leakage in or about the said buildings."

*Samuel I. Frankenstein* for appellant.
*Carlisle Norwood* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Not voting: HISCOCK, Ch. J.

---

PETER KEELER BUILDING COMPANY, Appellant, *v.* E. H. TITCHENER AND COMPANY, Respondent.

*Negligence — contract — action to recover from subcontractor amount paid by contractor in settlement of judgment recovered against it by employee of subcontractor for injuries received by him while engaged in the work.*

*Keeler Building Co.* v. *Titchener & Co.*, 190 App. Div. 135, affirmed. (Argued October 26, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 10, 1920, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. Plaintiff, which had a contract to erect a building for the state, entered into a subcontract with the defendant whereby the latter agreed to furnish and erect certain wire guards under skylights, the plaintiff to furnish and erect the necessary scaffolding. While one of defendant's employees was engaged in erecting the guards and for that purpose had gone upon the scaffold erected by the plaintiff, the scaffold collapsed and he was precipitated to the floor receiving injuries for which he subsequently recovered damages against